**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                   No. CR 00-0403 JC

SHORTY LARGO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant's Redacted Motion to Dismiss Counts I and/or 2[1] or for Bill of Particulars, filed June 12, 2000 *(Doc. 23)*, and Defendant's Redacted Motion for Discovery, filed June 12, 2000 *(Doc. 22)*.

**I.    Motion to Dismiss Counts I and/or 2 or
for Bill of Particulars**

In his motion to dismiss or in the alternative for a bill of particulars, Defendant contends that the indictment is insufficient to apprise him of the dates on which he allegedly committed the sexual acts at issue. Both Counts I and II of the indictment state that the alleged acts occurred "[b]etween on or about March 1997 and May 1998. . . ." Defendant also contends that discovery does not support the Government's factual allegations in Count I of the indictment.

With respect to Defendant's concern about the specificity of dates, time is not an element of the sexual abuse offenses like those alleged to have been committed in this case. *United States v. Charley*, 189 F.3d 1251, 1272 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 842 (2000). Moreover, the

---

[1] Defendant is charged in Counts I and II with knowingly engaging in and attempting to engage in specific sexual acts with a minor.

"on or about" phrase is acceptable even when "'the prosecution proves that the offense was committed within a few weeks of the date. . . .'" *Id.* (quoting *Kokotan v. United States*, 408 F.2d 1134, 1138 (10th Cir. 1969)). Accordingly, I find that Defendant's argument that the indictment contains insufficient time allegations is without merit.

Defendant's assertion that the discovery does not support the Government's factual allegations in Count I is also without merit. Defendant states that "[t]he discovery provided by the United States thus far to defense counsel fails to contain any statements by Jane Doe that MR. LARGO used his mouth to touch Jane Doe's anus." Redacted Motion to Dismiss Counts I and/or 2 or for Bill of Particulars at 3. However, Defendant notes that Jane Doe stated the Defendant licked her back side and that several persons witnessed this act. *Id.* at 2. Nevertheless, any discrepancy between the evidence and the indictment is a matter left for the jury's consideration. For all of these reasons, I find that Defendant's motion to dismiss is not well taken and should be denied.

In the alternative, Defendant asks the Court to grant a bill of particulars. To obtain a bill of particulars, Defendant must show how his case would be prejudiced without the bill. *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992). Defendant has not made such a showing. His request for a bill of particulars will, therefore, be denied.

**II.    Motion for Discovery**

Defendant asks that the Government disclose information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500), and FED. R. CIV. P. 16. He also requests that the grand jury transcript be disclosed. The Government states that it has disclosed all relevant material in its possession to Defendant and will provide any additional discovery if it becomes available. This satisfies any discovery obligations the Government might have under *Brady*, the

Jenks Act, and FED. R. CIV. P. 16. Furthermore, a party seeking disclosure of grand jury materials must demonstrate a particularized need for them. *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). The determination of whether a particularized need exists for the disclosure of grand jury materials rests within the sound discretion of the trial court. *United States v. Parker*, 469 F.2d 884, 889 (10th Cir.1972). A general claim that disclosure of the grand jury transcripts will reveal exculpatory evidence is not enough to demonstrate particularized need. *United States v. Rising*, 867 F.2d 1255, 1260 (10th Cir.1989). Defendant in this case has not demonstrated any particularized need for the grand jury transcript. I conclude that the motion for discovery should be denied for the reasons stated above.

Wherefore,

IT IS ORDERED that Defendant's Redacted Motion to Dismiss Counts I and/or 2 or for Bill of Particulars, filed June 12, 2000 *(Doc. 23)*, and Defendant's Redacted Motion for Discovery, filed June 12, 2000 *(Doc. 22)*, are both **denied**.

DATED this 4th day of August, 2000.

                                                           *[signature: John Edwards Conway]*
                                       **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Government:

    Kathleen Bliss, AUSA
    U. S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico

Counsel for Defendant:

    Todd Hotchkiss
    Frechette & Associates
    Albuquerque, New Mexico